ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| US Pan American Solutions, LLC | ) ASBCA No. 63957 |
| | ) |
| Under Contract No. W25G1V-23-P-0023 | ) |

APPEARANCE FOR THE APPELLANT:       Mr. Jorge DelPino
                                    Vice President

APPEARANCES FOR THE GOVERNMENT:     Dana J. Chase, Esq.
                                     Army Chief Trial Attorney
                                    MAJ Joseph C. Vandusen, JA
                                     Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE WILSON
ON THE GOVERNMENT'S MOTION TO DISMISS FOR
LACK OF JURISDICTION

The Army (the government) moves to dismiss this appeal for lack of jurisdiction because appellant's appeal was untimely filed. US Pan American Solutions, LLC (USPAS or appellant) admits to receiving the termination notice on May 14, 2024. Because this was 91 days prior to filing its notice of appeal with the Board on August 13, 2024, we grant the government's motion and dismiss the appeal.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. Contract No. W25G1V-23-P-0023 was awarded to USPAS on December 8, 2022 for the purchase and delivery of 200 conduits to Tobyhanna Army Depot, PA (R4, tab 1 at 1-3). The contract specified that the conduits should be delivered by January 31, 2023 (R4, tab 1 at 4).

2. USPAS did not deliver the conduits on time (R4, tab 6). The government issued Modification No. P00001 via email on July 12, 2023 changing the delivery date to August 2, 2023 (R4, tabs 10, 10a) and appellant returned the signed modification that same day (R4, tabs 11, 11a). The conduits were not shipped by the new delivery date (R4, tab 13). The delivery date was changed again on December 5, 2023 with the issuance of Modification No. P00002; the new date of delivery was December 22, 2023 (R4, tabs 18, 18a) and again, appellant returned the signed modification that same day (R4, tabs 19, 19a). The conduits were not delivered by this date (R4, tab 20 at 1-4). For the third time, the government changed the delivery date to April 6, 2024 when it issued Modification No. P00003 via email on March 14, 2024 (R4, tabs 21,

21a). Appellant signed the modification on March 18, 2024 and returned it to the contracting officer (CO) on March 19, 2024 (R4, tabs 22, 22a). The conduits were not delivered by April 6, 2024 (R4, tab 23 at 3-4).

3. The government conducted a teleconference with USPAS to discuss the delivery delays on April 18, 2024 (R4, tab 26 at 1, tab 31 at 1; *see* gov't mot. at 5). The CO informed appellant via email that if the items were not delivered by April 30, 2024, the contract would be terminated (R4, tab 26 at 2). The items were not delivered by this date.

4. The CO sent USPAS a show cause notice on April 30, 2024, giving USPAS ten days to respond (R4, tab 27).

5. On May 10, 2024 at 10:15 AM, the CO emailed USPAS terminating the contract for cause (R4, tabs 28-29). USPAS responded, "Our Cure letter is due today by 5pm ? How can you Terminate before our response date ?" (R4, tab 28). Later that same day, in a separate email, USPAS responded to the show cause notice with a document it called a cure notice (R4, tabs 30, 30a).

6. On May 13, 2024, the CO emailed appellant explaining the basis for the termination and attached the official "Notice of Termination for Cause W25G1V23P0023.pdf" (R4, tab 31 at 1-2). The notice of the termination for cause was dated May 13, 2024, and was unsigned (R4, tab 31a). It included the following language: "Your company has the right to appeal this decision under the Disputes clause at Federal Acquisition Regulation (FAR) 52.233-1" (R4, tab 31a at 1).

7. Appellant responded to this email approximately 20 minutes later on May 13, 2024 stating, "Thank you for your email. We apologize for the inconvenience" (R4, tab 32). Thus, we find that appellant acknowledged receipt of the email on May 13, 2024.

8. On May 14, 2024, the CO sent appellant an email response saying,

> Thank you for acknowledging my Notice of Termination Letter/Email.
> Please see attached Termination Modification of contract W25G1V23P0023 IAW FAR 52.212-4(m).

(R4, tab 33) Attached to the email was the unilateral contract modification terminating the contract for cause signed by the CO (dated May 14, 2024) and a signed copy of the termination notice dated May 13, 2024 (R4, tabs 33, 33a, 33b).

2

9.  USPAS filed its notice of appeal with the Board on August 13, 2024. Appellant included the signed termination notice and signed termination modification as attachments to its emailed notice of appeal.

10.  On September 17, 2024, the government moved to dismiss this appeal for lack of jurisdiction for "fail[ing] to file a notice of appeal within 90 days of its receipt of the [CO]'s notice of termination for cause" (gov't mot. at 1).  By Order dated September 18, 2024, appellant was instructed to respond to the government's motion (Bd. corr. ltr. dtd. September 18, 2024).  Appellant did not timely submit a response to the government's motion to dismiss.  On November 4, 2024, the government subsequently moved to dismiss the appeal for failure to prosecute.

11.  By Order dated November 13, 2024, appellant was again instructed to file its complaint and respond to the government's motion within 30 days (Bd. cor. ltr. dtd. November 13, 2024); appellant did not.

12.  On December 4, 2024, appellant submitted correspondence via email explaining that it signed the termination modification on May 15, 2024 (although the termination modification was issued unilaterally and did not require appellant's signature), and that the termination documents were received from the CO on May 14, 2024.  Appellant's submission included three attachments:  a document that appears to be the email from the CO copy and pasted into the document, the unilateral termination modification dated May 13, 2024 and signed by the CO on May 14, 2024, and a PDF with the same language as the email signed by appellant's representative.  Appellant submitted correspondence via email on February 19, 2025, requesting that "the Board allow us to continue the appeal process" and again attached the termination modification.

13.  On March 20, 2025, appellant emailed, "Please see our motion due on 3/20/2025 . . . ."  Attached to the email was a document titled "#ASBCA No. 63957 Formal ASBCA Rule 6 Appeal.pdf."  That document included a section labeled "COMPLAINT" followed by a section labeled "JURISDICTION."  The Board considers this appellant's response to the government's motion to dismiss for lack of jurisdiction and cites to it as such.

14.  By correspondence dated April 3, 2025, the government advised that it had received "appellant's March 20, 2025 complaint and response to the government's September 17, 2024 motion to dismiss for lack of jurisdiction.  The government will reply to appellant's response to the government motion . . . no later than April 21, 2025."  The government also withdrew its November 4, 2024 motion to dismiss for failure to prosecute.  The government filed its reply on April 14, 2025 (gov't reply at 4).

DECISION

*Parties' Contentions*

The government moves to dismiss because "[t]he record clearly establishes that appellant filed its notice of appeal with the Board 92 days after appellant's receipt of the contracting officer's notice of termination for cause" (gov't mot. at 8). Appellant argues that the date it returned the signed contract modification, May 15, 2025, should be used as the date from which the 90-day period to file an appeal with the Board is calculated and, as such, its appeal is timely filed. Appellant also admits that it received the documents terminating the contract on May 14, 2024. Appellant admits, "Please note that documents were not received on 5/13/2024 as noted. We received an email referencing an incoming Termination on 5/13 but received attachments with the termination documents late on 05/14/2024." (App. resp. at 1) Appellant further requests:

> [T]he Board accept our 90 day appeal request based upon our acceptance on 5/15/24 and not the noted incorrect date of 5/13/24. Please see attachments – (ATTACH 1 – an email from 5/14 at 4:15pm which did included [sic] Termination docs) (ATTACH 2 -attachment with dated acceptance on 5/15/24).

(App. resp. at 2) The government's reply reiterates its position that USPAS received the notice of termination on May 13, 2024, but notes that "the Board need not decide this issue. USPAS has conceded that it received the signed termination for cause on May 14, 2024" (gov't reply at 2).

*Jurisdiction – The Appeal is Untimely and Must be Dismissed*

The Board's jurisdiction to hear appeals arises from the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 7101-7109. The burden lies with appellant in establishing, by a preponderance of the evidence, that the Board has jurisdiction to hear its appeal. *Monbo Grp. Int'l*, ASBCA No. 63385, 23-1 BCA ¶ 38,320 at 186,084 (citing *K-Con Bldg. Sys., Inc. v. United States*, 778 F.3d 1000, 1004 (Fed. Cir. 2015); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988); *Sweet Star Logistic Serv.*, ASBCA No. 62082, 20-1 BCA ¶ 37,704 at 183,045). Under the CDA, contractors may appeal final decisions to either a Board of Contract Appeals or to the Court of Federal Claims:

> a) APPEAL TO AGENCY BOARD.—A contractor, ***within 90 days from the date of receipt of a contracting officer's decision*** under section 7103 of this title, may appeal the

decision to an agency board as provided in section 7105 of this title.

(b) BRINGING AN ACTION DE NOVO IN FEDERAL COURT.—

(1) IN GENERAL.—Except as provided in paragraph (2), and in lieu of appealing the decision of a contracting officer under section 7103 of this title to an agency board, a contractor may bring an action directly on the claim in the United States Court of Federal Claims, notwithstanding any contract provision, regulation, or rule of law to the contrary.

. . .

(3) TIME FOR FILING.—A contractor shall file any action under paragraph (1) or (2) within 12 months from the date of receipt of a contracting officer's decision under section 7103 of this title.

41 U.S.C. §§ 7104(a)-(b) (emphasis added).

"It is well-settled that the Board lacks jurisdiction over any appeal filed outside of this 90-day appeal period, which is statutory and cannot be waived by the Board." *TTF, LLC*, ASBCA No. 59511 *et al.*, 15-1 BCA ¶ 35,883 at 175,434 (citing *Frasson Lodovico S.r.l.*, ASBCA No. 58645, 14-1 BCA ¶ 35,525 at 174,114; *AST Anlagen-und Sanierungstechnik GmbH*, ASBCA No. 51854, 04-2 BCA ¶ 32,712 at 161,836; *Mid-Eastern Indus., Inc.*, ASBCA No. 51287, 98-2 BCA ¶ 29,907 at 148,065; *Cosmic Constr. Co. v. United States*, 697 F.2d 1389, 1390 (Fed. Cir. 1982)). For terminations for cause, the 90-day clock begins when the contractor receives the termination decision. *W. Trading Co.*, ASBCA No. 61004, 18-1 BCA ¶ 37,030 at 180,304. The day the contractor receives the termination decision is not counted, but the day the contractor delivers its appeal to the Board is included when calculating the 90-day period. *TTF*, 15-1 BCA ¶ 35,883 at 175,434 (citing Board Rule 5(b); *E. Computs., Inc.*, ASBCA No. 49185, 96-2 BCA ¶ 28,343 at 141,549). Generally, the government has the burden to prove the date on which the contractor received the decision. *US Pan Am. Sols., LLC*, ASBCA No. 63743, 24-1 BCA ¶ 38,588 at 187,579 (citing *MVP Network Consulting, LLC*, ASBCA No. 63466, 23-1 BCA ¶ 38,427 at 186,766).

The government included in its Rule 4 file the email the CO sent to USPAS on May 13, 2024 terminating the contract for cause as well as an email response on the same day from USPAS acknowledging receipt (SOF ¶¶ 6-7). The record also includes an email from the CO on May 14, 2024 attaching a signed termination notice letter and

5

the termination modification (SOF ¶ 8).  Lastly, USPAS admits that it received the signed termination notice and modification on May 14, 2024 (SOF ¶ 12; app. resp. at 1-2).

"We have previously held that sending multiple copies of a contracting officer's final decision without indicating which of them is intended to begin the running of the appeal period confuses a contractor as to the date for appeal of the decision, entitling the contractor to compute the date from receipt of the last copy." *TTF*, 15-1 BCA ¶ 35,883 at 175,434 (citing *Frasson*, 14-1 BCA ¶ 35,525 at 174,114-15; *AST*, 04-2 BCA ¶ 32,712 at 161,836).  In fact, this appellant has appeared before the Board previously and survived a govern ment motion to dismiss on this issue.  *US Pan Am. Sols., LLC*, ASBCA No. 62629, 21-1 BCA ¶ 37,911 at 184,120 (denying the government's motion to dismiss the appeal as untimely because the government re-issued the termination memo after finding an error in the initial memo, thus causing confusion about when the 90-day period began).  Here, though there is evidence in the record that appellant received the termination notice on May 13, 2024 (SOF ¶¶ 6-7), because appellant admitted to receiving it on May 14, 2024 (app. resp. 1-2; SOF ¶ 12), and included the signed versions of the termination notice and the termination modification with its notice of appeal (SOF ¶ 9) that had been transmitted by the CO on May 14, 2024 (SOF ¶ 8), we use May 14, 2024 as the date appellant received the notice.  Both dates result in an untimely appeal.

The Federal Acquisition Regulation (FAR) requires that COs include in their decision appeal language that is substantially similar to the following:

> This is the final decision of the Contracting Officer.  You may appeal this decision to the agency board of contract appeals.  If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency board of contract appeals and provide a copy to the Contracting Officer from whose decision this appeal is taken.  The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number.

FAR 33.211(a)(4)(v).  The CO here did not include this exact language, but did include the following:  "Your company has the right to appeal this decision under the Disputes clause at Federal Acquisition Regulation (FAR) 52.233-1" in the termination notice (SOF ¶ 6).  We have previously held that omitting this language will not "stop the 90-day deadline from commencing unless the contractor can show detrimental reliance or prejudice." *USPAS*, 24-1 BCA ¶ 38,588 at 187,580 (citing *Decker & Co. v. West*, 76 F.3d 1573, 1579 (Fed. Cir. 1996)).  The government argues that USPAS was not prejudiced here "because the termination notice *did* include language concerning appellant's right to appeal, and also because appellant is well aware of its

appeal rights and the process for filing an appeal, as demonstrated by other recent appeals it has filed before this Board" (gov't mot. at 13) (emphasis added). We agree.

Lastly, as the government notes in its motion, USPAS, while representing itself before the Board *pro se*, is not without prior experience before the Board on this very issue (gov't mot. at 14-15 (citing *USPAS*, 21-1 BCA ¶ 37,911)); *see also USPAS*, 24-1 BCA ¶ 38,588 (granting the government's motion to dismiss an untimely appeal that was filed 102 days after receipt of the email terminating the contract for cause). As explained above, the law is clear, contractors have 90 days from *receipt* of a decision to appeal to this Board, 41 U.S.C. § 7104(a), and this time period may not be waived (*TTF*, 15-1 BCA ¶ 35,883 at 175,434); the 90-day clock *does not* run from the date the contractor acknowledges receipt or signs a termination modification, as appellant has requested (app. resp. at 2). Here, appellant admits that the termination notice was received on May 14, 2024 and USPAS filed its notice of appeal 91 days later on August 13, 2024 (app. resp. at 1-2; SOF ¶ 9). Thus, the Board lacks jurisdiction to consider this appeal and the government's motion is granted.

## CONCLUSION

The appeal was filed more than 90 days after the termination for cause was received by appellant. Accordingly, the government's is granted and the appeal is dismissed.

Dated: April 25, 2025

_____
OWEN C. WILSON
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

_____
MICHAEL N. O'CONNELL
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I concur

_____
LAURA J. ARNETT
Administrative Judge
Armed Services Board
of Contract Appeals

7

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 63957, Appeal of US Pan American Solutions, LLC, rendered in conformance with the Board's Charter.

Dated:  April 25, 2025

APAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals